4. That this record does not establish the cost of production in England for the merchandise involved in reappraisement 139877–A.

5. That this record does not establish the cost of production in France for the merchandise involved in each of the appeals other than reappraisement 139877–A.

As all of these appeals for reappraisement involve merchandise exported subsequent to the effective date of the Customs Administrative Act of 1938, I hold as a matter of law that the proper values in each case are the values found by the appraiser.

Judgment will be rendered accordingly.

MADDOCK & MILLER, INC. *v.* UNITED STATES

No. 7581.—Invoice dated Hanley, England, March 6, 1946.
Certified March 7, 1946.
Entered at New York, N. Y., March 27, 1946.
Entry No. 748190.

(Decided April 27, 1948)

*Benjamin A. Levett* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

JOHNSON, Judge: This proceeding has been submitted upon a stipulation wherein the parties hereto have agreed that the issues involved in this reappraisement are the same in all material respects as in the case of *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. 183, C. A. D. 334. The record in that case was admitted as part of the record herein.

In view of the aforesaid stipulation and accepting same as a statement of fact, and in view of the decision cited, I find and hold that the export value of the merchandise is the value found by the appraiser, less any additions on entry by the importer by reason of advances by the appraiser in similar cases to equal the so-called British purchase tax.

Judgment will be rendered accordingly.

EDWARD BOOTE *v.* UNITED STATES

No. 7582.—Invoice dated Birmingham, England, October 1945.
Certified October 1945.
Entered at New York, N. Y., December 5, 1945.
Entry No. 726110.

(Decided April 27, 1948)

*Benjamin A. Levett* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

JOHNSON, Judge: This proceeding has been submitted upon a stipulation wherein the parties hereto have agreed that the issues involved in this reappraise-

ment are the same in all material respects as in the case of *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. 183, C. A. D. 334. The record in that case was admitted as part of the record herein.

In view of the aforesaid stipulation and accepting same as a statement of fact, and in view of the decision cited, I find and hold that the export value of the merchandise is the value found by the appraiser, less any additions on entry by the importer by reason of advances by the appraiser in similar cases to equal the so-called British purchase tax.

Judgment will be rendered accordingly.

MARKS & ROSENFELD, Inc. *v.* UNITED STATES

No. 7583.—Invoices dated Stoke on Trent, England, December 31, 1945, etc.
Certified February 4, 1946, etc.
Entered at New York, N. Y., March 13, 1946, etc.
Entry Nos. 745069; 739209.

(Decided April 27, 1948)

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

JOHNSON, Judge: This proceeding has been submitted upon a stipulation wherein the parties hereto have agreed that the issues involved in these reappraisements are the same in all material respects as in the case of *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. 183, C. A. D. 334. The record in that case was admitted as part of the record herein.

In view of the aforesaid stipulation and accepting same as a statement of fact, and in view of the decision cited, I find and hold that the export values of the merchandise are the values found by the appraiser, less any additions on entry by the importer by reason of advances by the appraiser in similar cases to equal the so-called British purchase tax.

Judgment will be rendered accordingly.

BERT FRIEDBERG & Co. *v.* UNITED STATES

No. 7584.—Invoice dated Paris, France, July 13, 1939.
Certified July 13, 1939.
Entered at San Francisco, Calif., August 10, 1939.
Entry No. 1378 (A).

(Decided April 28, 1948)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil* and *Samuel D. Spector*, special attorneys), for the defendant.

MOLLISON, Judge: This is an appeal for reappraisement from findings of value made by the United States appraiser at the port of